IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES F. MORRISON,

    Petitioner,

    v.

WARDEN, RICHLAND CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:14-CV-00312
JUDGE ALGENON L. MARBLEY
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On November 19, 2015, the Magistrate Judge issued an *Order and Report and Recommendation* denying Petitioner's request for an evidentiary hearing and the appointment of counsel, and recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (ECF No. 14.) Petitioner has filed an *Objection* to the Magistrate Judge's *Order and Report and Recommendation*. (ECF No. 17.) Pursuant to 18 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 17) is **OVERRULED**. The *Order and Report and Recommendation* (ECF No. 14) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

This case involves Petitioner's convictions in the Delaware County Court of Common Pleas, pursuant to the terms of his plea agreement, on four counts of attempted pandering sexually oriented matter involving a minor. The trial court imposed an aggregate term of one hundred and twenty months incarceration. The Ohio Fifth District Court of Appeals affirmed the judgment of the trial court, and the Ohio Supreme Court declined to accept jurisdiction of the appeal. The state appellate court denied Petitioner's application for reopening of the appeal

pursuant to Ohio Appellate Rule 26(B).  The Ohio Supreme Court declined to accept jurisdiction of the appeal.

In these federal habeas corpus proceedings, Petitioner asserts that his convictions violate the Double Jeopardy Clause and that he was denied effective assistance of appellate counsel. The Magistrate Judge recommended dismissal of these claims on the merits.

Petitioner objects to the Magistrate Judge's recommendations.  Petitioner complains that record fails to reflect that the trial court dismissed one of the charges against him by finding that the photograph in support of the charge did not constitute lewd material and that the prosecution never provided him with a Bill of Particulars.  Petitioner argues that the state appellate court erroneously concluded that his conducted involved four separate criminal acts, particularly in view of the testimony of computer forensic expert C. Matthew Curtin.  Petitioner also argues that the trial court imposed an extreme and shocking sentence.  He makes the same arguments in regard to his sentence in his objections as he did previously in his original Petition.

The fact that the trial court dismissed one of the charges against Petitioner or that the State did not provide Petitioner with a Bill of Particulars does not affect this Court's resolution of Petitioner's substantive claims that his convictions violate the Double Jeopardy Clause or that he was denied effective assistance of counsel.   Thus the Court will address only Petitioner's substantive claims.

As to his objections to the Magistrate Judge's findings with respect to his Double Jeopardy claims, the Court turns to the record at the sentencing hearing and the testimony of Mr. Curtain.  Although Curtin testified that Petitioner could have downloaded all four files with a single act of clicking the download button once, and that the evidence made it unlikely that Petitioner engaged in separate downloads, Curtin also testified that the download of multiple

files with a single click of the download button required separate actions and decisions on the part of the user. *State v. Morrison*, No. 12 CAA 08 0053, 2013 WL 2325927, at *3 (Ohio App. 5th Dist. May 24, 2013).

> Curtin further testified that even in the case where the download button is depressed a single time, it takes multiple, affirmative acts on the part of the user to select multiple files to be downloaded. . . [I]n addition to requiring multiple affirmative acts to download multiple files, it also requires a conscious choice to select multiple files from the search list – as opposed to a single file.

*Id*. Evidence also indicated that Petitioner downloaded separate and distinct images. The images were displayed with separate names and stored in separate locations." *Id.* at *5. This testimony supports Petitioner's convictions on four counts of attempted pandering sexually oriented matter involving a minor.

Additionally, Petitioner has waived his claim that his convictions violate the Double Jeopardy Clause by entry of his guilty plea. *See Helton v. Jeffreys*, No. 2:06-cv-558, 2007 WL 1100428, at *8 (S.D. Ohio April 10, 2007) (citing *United States v. Broce*, 488 U.S. 563, 569 (1989)).

> Ordinarily, a plea of guilt conclusively admits the defendant's guilt to the crimes charged, and any subsequent collateral attack upon that plea is limited to an inquiry as to whether it was voluntarily and knowingly given. *United States v. Broce*, 488 U.S. 563, 569, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). In the double jeopardy context, an exception to this rule exists when it is plain from the language of the charging document that no legally cognizable additional crime was charged to which the defendant could properly have entered a plea of guilt. *Id.* at 576. In all other respects, any right to assert a claim of double jeopardy is waived by the entry of the guilty plea. *Ibid*.
>
>> In *Broce*, the defendant entered guilty pleas to two separate indictments alleging conspiracies under the Sherman Act, 15 U.S.C. § 1, and later moved to vacate his sentences on the basis that there was in reality only a single conspiracy, and therefore his

3

> right under the Double Jeopardy Clause was violated. The Supreme Court focused on the charging documents to determine if the defendant's double jeopardy challenge survived his guilty plea. The Court noted: "Just as a defendant who pleads guilty to a single count admits guilt to the specified offense, so too does a defendant who pleads guilty to two counts with facial allegations of distinct offenses concede that he has committed two separate crimes." *Broce*, 488 U.S. at 570. The defendant's claim was premised on the contention that the two indictments alleged separate parts of the same illegal agreement. However, "[r]espondents had the opportunity, instead of entering their guilty pleas, to challenge the theory of the indictments and to attempt to show the existence of only one conspiracy in a trial-type proceeding. They chose not to, and hence relinquished that entitlement." *Id.* at 571.

*Church v. Wolfe*, 2:06-cv-764, 2007 WL 2446707, at *7-8 (S.D. Ohio Aug. 23, 2007) (quoting *Tarpley v. Bock*, No. 00-10408-BC, 2003 WL 22258199 (E.D. Michigan Sept. 25, 2003); *see also Emrick v. Wolfe*, No. 2:05-cv-1057, 2006 WL 3500005 (S.D. Ohio Dec. 5, 2006) (same). Such are the circumstances here.

The fact that Petitioner pleaded guilty pursuant to the United States Supreme Court's decision in *North Carolina v. Alford*, 400 U.S. 25 (1970), (see ECF No. 5-1, PageID# 120), does not alter this Court's conclusion. "An *Alford* plea is a plea of guilt accompanied by 'protestations of innocence,' or made in the absence of the defendant's admission that he committed the crime charged against him." *Williams v. Sheets*, No. 1:04CV403, 2007 WL 184745, at *5 n.2 (S.D. Ohio Jan. 19, 2007) (quoting *Alford*, 400 U.S. at 31-32). The defendant in *Alford* pleaded guilty to the charge of murder, but denied his guilt of the charge, stating that he was pleading guilty to avoid the death penalty and limit his sentencing exposure. *Alford,* 400 U.S. at 31. The Supreme Court held that Alford nonetheless had entered a valid guilty plea and

knowingly, intelligently and voluntarily consented to the imposition of the prison sentence despite his unwillingness to admit his participation in the acts charged. *Id*. at 37. "An *Alford*-type plea is a guilty plea *in all material repects*[.]" *United States v. McMurray*, 653 F.3d 367, 385 (6th Cir. 2011) (quoting *Ikharo v. Holder*, 614 F.3d 622, 633 (6th Cir. 2010) (emphasis added). The Supreme Court compared Alford's plea to a defendant's plea of *nolo contendere*[.]" *United States v. Buonocore*, 416 F.3d 1124, 1129 (10th Cir. 2005) (citing *Alford,* at 37). Such a plea constitutes an admission of the truth of the acts charged and courts treat such a plea in the same manner as if the defendant had entered a guilty plea. *See Cubic v. Warden of Marion Correctional Inst*., 2014 WL 1270586, at *2 (N.D. Ohio March 26, 2014) (citing *Alford,* at 35). Thus, a plea under *Alford,* constitutes a waiver of all "'non-jurisdictional defects' or, more accurately, any claims not logically inconsistent with the issue of factual guilt, as well as the right to contest the factual merits of the charges[.]" *United States v. Freed*, 688 F.2d 24, 25 (6th Cir. 1982) (citation omitted); *see also Lawrence v. McNeil*, No. 4:07CV158-RH/WCS, 2008 WL 2038382, at *4 (N.D. Fla. May 9, 2008) (no contest plea waives double jeopardy claim); *Williams v. Sheets*, 2007 WL 184745 (*Alford* plea waives any non-jurisdictional defects in pre-plea proceedings). Therefore, this Court concludes that Petitioner has failed to establish that the state appellate court's rejection of his claim violates the standard set forth under 28 U.S.C. § 2254(d). By entry of his guilty plea, Petitioner admitted his guilt to the commission of four separate criminal acts.

For the reasons detailed in the Magistrate Judge's *Order and Report and Recommendation*, the Court likewise concludes Petitioner has failed to establish the denial of the effective assistance of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

In short, under the highly deferential standard of review required under the Antiterrorism and Effective Death Penalty Act, the record fails to establish that relief is warranted.

Therefore, Petitioner's *Objection* (ECF No. 17) is **OVERRULED.**  The *Order and Report and Recommendation* (ECF No. 14) is **ADOPTED** and **AFFIRMED.**  This action is hereby **DISMISSED.**

**IT IS SO ORDERED**.

    s/Algenon L. Marbley
ALGENON L. MARBLEY
United States District Judge